# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EUGENE ANTHONY LINDER,

    *Petitioner*,

vs.

BILL DONAT, *et al.,*

    *Respondents*.

3:07-cv-00425-HDM-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's second motion (#48) for reconsideration. Petitioner seeks reconsideration of the Court's judgment to the extent that it dismissed Ground 1 on the merits.

Final judgment was entered on June 15, 2010. Less than 28 days after entry of judgment, on or about July 9, 2010, petitioner mailed his first motion for reconsideration to the Clerk of this Court for filing. While petitioner invoked Rule 60 of the Federal Rules of Civil Procedure on that motion, the Court reviewed the motion under Rule 59 because it was filed within 28 days of entry of judgment. The Court denied the first motion by an order entered on July 19, 2010.

The certificate of service on the present motion reflects that this second motion was mailed for filing on or about July 26, 2010, which is more than 28 days after entry of the June 15, 2010, final judgment.

Petitioner invokes Rule 60(b)(6), and the Court treats the motion as such, given that the second motion was filed after the expiration of the 28-day time period for seeking relief

under Rule 59. *See,e.g. Wages v. I.R.S.*, 915 F.2d 1230, 1233 n.3 (9th Cir. 1990)(the time period for seeking relief under Rule 59 runs from the entry of final judgment, not from the entry of an order denying an earlier timely Rule 59 motion, such that a successive motion seeking reconsideration of the original judgment that is filed after the expiration of the time period running from the entry of judgment is untimely as a Rule 59 motion as opposed to a Rule 60(b) motion).

The distinction between a Rule 59 motion and a Rule 60(b) motion in this context is significant. The Court does not have jurisdiction to consider a Rule 60(b) motion in the procedural context presented here for two fundamental reasons.

First, in a habeas case, when a Rule 60(b) motion challenges a federal court's prior denial of a habeas claim on the merits, the Rule 60(b) motion constitutes a successive petition. *Gonzales v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005). Given that the present motion challenges the Court's denial of Ground 1 on the merits, it constitutes a successive petition. Petitioner may not proceed in the first instance in the district court on a successive petition, and he instead first must seek permission from the Court of Appeals pursuant to 28 U.S.C. § 2244(b) to proceed on such a petition.

Second, a district court does not have jurisdiction over a Rule 60(b) motion for relief from judgment in a matter on appeal prior to issuance of the mandate, unless leave is obtained from the Court of Appeals to consider the motion. *See,e.g., Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772-73 (9th Cir. 1986). This matter is pending before the Ninth Circuit, and this Court therefore does not have jurisdiction over the present motion.

The Court does not see anything in the motion that would prompt it either to seek to further entertain the motion or to grant the motion. *Cf. Gould*, 790 F.2d at 772 (the proper procedure is for the petitioner to ask the district court whether it wishes to entertain the motion, or to grant it, and then move for a remand in the court of appeals).

The Court notes that petitioner seeks to present new arguments and evidence in the motion for reconsideration that were not presented in this Court prior to judgment and which

1 potentially would render his petition unexhausted even if, *arguendo*, properly presented in
2 federal court. As the Court noted in the order of dismissal, petitioner may not present new
3 claims and allegations after respondents have answered without seeking and obtaining leave
4 to file an amended petition, upon demonstrating that such amendment would not be futile
5 given concerns of, *inter alia*, exhaustion and timeliness. See #41, at 9 n.11 & 18 n.27. Now
6 that final judgment has been entered, petitioner may not amend the petition without first
7 securing an order reopening the judgment. *See,e.g.,Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir.
8 1996)(after final judgment has been entered, a motion for leave to amend the pleadings may
9 be considered only if the judgment first is reopened under Rule 59 or 60).

10 In this regard, petitioner now seeks to set aside his plea and conviction based upon
11 a claim that his *Alford* plea was invalid because – under his construction of Nevada statutory
12 law – an *Alford* plea is "a 5th type of plea . . . which holds no legally binding statutes [sic] in
13 Nevada." #49, at 1. Over and above the fact that a claim of state law error does not present
14 a basis for federal habeas relief, the Supreme Court of Nevada, the final arbiter of Nevada
15 state law, clearly has held that an *Alford* plea is available in the Nevada state courts.
16 Petitioner relies upon *State v. Gomes*, 112 Nev. 1473, 930 P.2d 701 (1996). *Gomes*,
17 however, merely characterized an *Alford* plea as a nolo contendere plea for purposes of
18 Nevada law; it made no holding that such a plea was without legally binding status. See 112
19 Nev. at 1479, 930 P.2d at 705 ("We expressly hold that whenever a defendant maintains his
20 or her innocence but pleads guilty pursuant to *Alford*, the plea constitutes one of nolo
21 contendere."). The state supreme court specifically rejected the argument that the entry of
22 an *Alford* plea provided a basis for granting post-conviction relief. *Id.* As this Court noted in
23 the order of dismissal, while the written plea agreement was for an unconditional guilty plea,
24 the state district court clearly accepted the *Alford* plea that petitioner stated that he wished
25 to enter rather than an unconditional guilty plea. See #41, at 8. This late-breaking and
26 potentially unexhausted claim based upon an *Alford* plea having "no status" is frivolous.

27 Petitioner further seeks to argue and present new evidence (*i.e.*, his own sworn
28 assertions) that his signature on the written guilty plea agreement was a forgery. As this

-3-

1  Court noted in the order of dismissal, this is a new allegation raised for the first time in the
2  reply that was not presented in the petition.  Petitioner's protestations in this regard further
3  conflict with his acknowledgments during the plea colloquy.  Under established United States
4  Supreme Court law, such acknowledgments preclude petitioner from presenting a viable claim
5  years later that he did not sign the agreement.  See #41, at 7-8 & 9 n.11.

6  Petitioner additionally seeks to argue and present new evidence (again, his own self-
7  serving sworn declaration) maintaining that the victim died of an adverse drug reaction rather
8  than being strangled to death by petitioner.  In the order of dismissal, the Court reviewed at
9  length what the record showed as to the evidence available to the State if petitioner instead
10 had elected to go to trial.  The Court compared the evidence available to the State to
11 petitioner's assertion that the victim instead died from an adverse drug reaction.  Petitioner's
12 repeated fanciful assertions that there was a significant question as to cause of death are
13 belied by the medical evidence and state court record.  The State instead would have
14 presented substantial probative evidence tending to establish that Eugene Linder strangled
15 the victim to death, buried her body in a shallow grave in the desert wrapped in trash bags,
16 and then immediately fled the jurisdiction until he was discovered seven years later living
17 across the country under an assumed name.  See #41, at 4, 9-13, 14-15 & 17-18.

18 The motion otherwise merely rehashes arguments or variations of arguments that the
19 Court considered either explicitly or implicitly in its prior orders.  The Court remains
20 unpersuaded by petitioner's arguments.  Petitioner's continued reliance upon Rule 11 of the
21 Federal Rules of Criminal Procedure remains misplaced.  The federal rule does not apply in
22 the state courts.

23 Accordingly, nothing in the present motion would lead the Court either to seek to
24 further entertain the present motion or to grant the motion.  While the Court has granted a
25 certificate of appealability as to Ground 1 and the related Ground 2(c), the Court remains of
26 the view that federal habeas relief properly was denied in this case.

27 IT THEREFORE IS ORDERED that the second motion (#49) for reconsideration is
28 DENIED.

1. The Clerk of Court shall forward a copy of this order to the Court of Appeals via either a supplemental transmittal or a notice of electronic filing, as per the Clerk's current practice in this regard, in connection with that court's No. 10-16407.

DATED: August 2, 2010.

_____
HOWARD D. MCKIBBEN
United States District Judge